UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCOTT CAWTHON<br><br>       Plaintiff,<br><br>-against-<br><br>DINH DUC MANH<br><br>       Defendant. | Case No. 1:24-cv-03506 (JLR)<br><br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff has sued Defendant, an Amazon seller and resident of Vietnam with an address in Vietnam, for infringement of registered and common law copyrights in violation of the Copyright Act, 17 U.S.C. § 501. *See* ECF No. 1 ("Compl.") ¶ 3. Plaintiff now moves for leave to serve Defendant by the alternative means of email pursuant to Federal Rule of Civil Procedure ("Rule") 4(f)(3). *See* ECF No. 10 ("Br."). For the reasons stated below, the motion is DENIED.

## BACKGROUND

  On May 7, 2024, Plaintiff filed his initial Complaint, asserting copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501. ECF No. 1. Plaintiff is a resident of Texas and the creator, author, and intellectual property owner of the *Five Nights at Freddy's* series of video games and novels. *Id.* ¶¶ 2, 10. Plaintiff is the owner of registered copyrights related to images of the characters in the *Five Nights at Freddy's* franchise. *Id.* ¶ 15. Defendant is a resident of Vietnam and sells goods over Amazon. *Id.* ¶¶ 3, 23. Defendant lists their address as Vietnam, 400000, Ha Nam, Thanh Liem, Thon Vuc Trai Nhue, Liem Can, Vietnam. *Id.* ¶ 3. Plaintiff alleges that Defendant marketed and sold toys through Amazon that copy, embody, or constitute derivative works of Plaintiff's copyrighted characters. *Id.* ¶¶ 24-26.

1

On or about April 12, 2024, Plaintiff filed two complaints pursuant to the Digital Millennium Copyright Act ("DMCA") with Amazon, seeking removal of Amazon's listings of Defendant's allegedly infringing products. *Id.* ¶ 32. On or about April 14, 2024, and April 16, 2024, Amazon removed Defendant's products from its platform. *Id.* ¶ 33.

On or about April 23, 2024, Defendant filed a counter-notification (the "Counter Notice") under DMCA Section 512(g), disputing Plaintiff's claims of copyright infringement and requesting that the relevant listings be reinstated. *Id.* ¶ 34; ECF No. 1-1. In their Counter Notice, Defendant certified to the following:

- Their full legal name (Dinh Duc Manh);
- Email address (linh2kvtl@gmail.com);
- Mailing address (Vietnam, 400000, Ha Nam, Thanh Liem, Thon Vuc Trai Nhue, Liem Can, Vietnam);
- Phone number (+84387447307);
- They consent to the jurisdiction of any judicial district in which Amazon may be found;
- They agree to accept service of process from Plaintiff or his agent; and
- They agree that the statements set forth in their Counter Notice are true and correct under penalty of perjury and that any false statements in the Counter Notice could lead to civil penalties and criminal prosecution.

ECF No. 1-1. Specifically, the Counter Notice stated:

> You recently provided me with a copy of a Notice of Infringement under the Digital Millennium Copyright Act (DMCA). This letter is a Counter-Notification as authorized in § 512(g) of the DMCA. I have a good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake

2

or misidentification of the material to be removed or disabled. I therefore request that the material be replaced and/or no longer disabled …

(I)…I am located outside of the United States and I consent to the jurisdiction of any judicial district in which Amazon may be found. (II) I agree to accept service of process from the person who provided notification under subsection (c)(1)(C) or an agent of such person. (III) I have a good faith belief that the material identified in the Notice of Infringement was removed or disabled as a result of mistake or misidentification of the material to be removed or disabled. (IV) I declare under penalty of perjury under the laws of the United States of America that this Counter-Notification and all statements therein are true and correct.

ECF No. 1-1.

In response to Defendant's Counter Notice, Amazon directed Plaintiff to file a complaint within 10 business days and noted that failure to do so would result in Amazon reinstating Defendant's offending product listings.  ECF 1-1; *see also* 17 U.S.C. § 512(g)(2)(c) (requiring service provider to "replac[e] the removed material and ceas[e] disabling access to it not less than 10, nor more than 14, business days following receipt of the counter notice," unless the claimant "has filed an action seeking a court order to restrain the subscriber from engaging in infringing activity").

On May 7, 2024, Plaintiff filed this copyright infringement complaint against Defendant.  ECF No. 1.  To date, Defendant has not appeared in this action or otherwise moved with respect to the Complaint.  On July 19, 2024, Plaintiff filed a motion for alternative service, seeking permission to serve Defendant, who resides in Vietnam, by email pursuant to Federal Rule of Civil Procedure 4(f)(3).  ECF. No. 10.

## DISCUSSION

Rule 4(f) provides three methods of service of an individual in a foreign country: (1) "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents"; (2) "a method that is reasonably calculated to give notice," for example, "as the foreign authority directs in response to a letter rogatory"; or (3) "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(1)-(3). Under the third method, Rule 4(f)(3), "a court may fashion means of service on an individual in a foreign country, so long as the ordered means of service (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *Front Row Fund I, L.P. ex rel. ChoiceWORX, Inc. v. Gross*, No. 23-cv-02255 (JHR) (JLC), 2023 WL 4441976, at *1 (S.D.N.Y. July 11, 2023) (citation omitted); *accord United States v. Mrvic*, 652 F. Supp. 3d 409, 412 (S.D.N.Y. 2023). "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court." *Pinkfong Co., Inc. v. Avensy Store*, No. 23-cv-09238 (JLR), 2023 WL 8531602, at *1 (S.D.N.Y. Nov. 30, 2023).

Vietnam ratified the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention") in 2016. *See* U.S. DEPARTMENT OF STATE – BUREAU OF CONSULAR AFFAIRS, *Vietnam Judicial Assistance Information*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/VietNam.html (last updated Nov. 3, 2023); Hague Conference on Private Int'l Law, *Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters – Status Table*, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated Mar. 21, 2024). Thus, to be permissible

4

under Rule 4(f)(3), Plaintiff's proposed alternative service must not be prohibited by the Hague Convention. *See* Fed. R. Civ. P. 4(f)(3). Vietnam has expressed a "qualified opposition" to Article 10(a) of the Hague Convention, which provides that the Convention does not "interfere with … the freedom" to serve judicial documents by postal channel to persons abroad. *Water Splash, Inc. v. Menon*, 581 U.S. 271, 283 (2017); *see also* Hague Conference on Private Int'l Law, *Viet Nam – Central Authority & Practical Information*, https://www.hcch.net/en/states/authorities/details3/?aid=1054 (listing "qualified opposition" to Article 10(a)) (last updated Apr. 26, 2021). Specifically, Vietnam states: "The Socialist Republic of Viet Nam does not oppose to [sic] the service of documents through postal channels mentioned in paragraph a of Article 10 of the Convention ***if the documents forwarded via postal channels are sent via registered mail with acknowledgment of receipt***" (emphasis added). Hague Conference on Private Int'l Law, *Viet Nam Accessions and Declarations, Declaration 4*, https://www.hcch.net/en/instruments/conventions/status%20table/notifications/?csid=1337&disp=resdn (last visited September 23, 2024). Neither the Convention nor Vietnam's Declaration mentions email or electronic service.

*Smart Study Co., Ltd. v. Acuteye-Us* held that where a signatory to the Hague Convention has objected to service by postal channel, service by email is also foreclosed. 620 F. Supp. 3d 1382, 1394-95 (S.D.N.Y. July 21, 2022). *Smart Study* involved defendants residing in China, which has lodged an unqualified objection to service by postal channels under the Hague Convention. *Id.* at 1392. The *Smart Study* court emphasized that the Hague Convention specifies certain approved methods of service, and prohibits any methods not explicitly enumerated. *Id.* at 1393-94. The court opined that one could not infer from the "Convention's silence as to a particular method of service…an implied permission to use virtually any method of service not proscribed" by the Hague Convention. *Id.* at 1396. The

5

*Smart Study* court noted that it need not answer the question of whether email service is permissible under the Convention because even accepting a more expansive definition of "postal channels" as inclusive of email, China's objection to Article 10(a) "necessarily encompass[ed] an objection to service via email." *Id*. at 1395-96. This Court has followed *Smart Study's* approach. *See, e.g.*, *Pinkfong Company, Inc. v. Avensy Store*, No. 23-cv-09238, 2023 WL 8531602, at *3 (S.D.N.Y. Nov. 30, 2023) ("The Court is persuaded by the in-depth analysis in *Smart Study Co*. that, in light of its objections, China prohibits service by email on defendants located in China") (citation and quotation omitted); *see also Orient Plus Int'l Ltd.v. Baosheng Media Grp. Hldgs. Ltd*., No. 24-cv-00744, 2024 WL 2317715, at *3 (S.D.N.Y. May 22, 2024) (endorsing *Smart Study*'s holding); *Shenzhen Chengront Tech. Co., Ltd. v. Besign Direct*, No. 22-cv-10281, 2022 WL 17741496, at *2 (S.D.N.Y. Dec. 9, 2022) (same).

The inquiry now before this Court is whether Vietnam's "qualified opposition" to postal service likewise precludes service by email. The Court finds that it does. Vietnam objects to service by "postal channels" *unless* service is rendered under specified conditions, namely, "if the documents forwarded via postal channels are sent via *registered mail with acknowledgment of receipt*." Hague Conference on Private Int'l Law, *Viet Nam Accessions and Declarations, Declaration 4*, https://www.hcch.net/en/instruments/conventions/status%20table/notifications/?csid=1337&disp=resdn (last visited September 23, 2024). Such a qualified objection or opposition to Article 10 makes clear that Vietnam authorizes service through the postal channels only if it is sent through a registered means with an acknowledgement of receipt. The alternative email service requested here would not comport with these express qualifications and requirements, even assuming that postal channels are akin to email channels. *Smart Study*, 620 F. Supp. 3d at 1393 ("[B]inding Supreme Court

6

precedent indicates that the Hague Convention outlines specific methods of service, and that methods of service that are not specifically authorized are impermissible.") (citation and quotation omitted).[1]

The Court is unpersuaded by the cases cited by Plaintiff in its memorandum of law, many of which are outside this district and all of which pre-date *Smart Study Co*. *See* Br. at 9. Plaintiff further attempts to distinguish *Smart Study* by contending that Defendant, through the execution of their DMCA Counter Notice, has effectively "waived service of process procedures under the Hague Convention." Br. at 9 n.2, 10. Plaintiff points to the fact that Defendant's Counter Notice provided, under penalty of perjury, his email address, and separately stated that Defendant agreed to "accept service from Plaintiff or his agents." *Id*. at 9, n.2. According to Plaintiff, this boilerplate language amounts to Defendant "very clearly waiving service of process procedures under the Hague Convention" and "alternatively accepting service of process." *Id*. at 10.

The Court disagrees. In fact, Plaintiff has unsuccessfully raised this argument before in a substantially similar copyright suit. *See Cawthon v. Zhousunyijie*, 700 F. Supp. 3d 20 (S.D.N.Y. 2023). In *Cawthon v. Zhousunyijie*, Plaintiff argued, as he does here, that the counter notification submitted by the defendant to Amazon, in which the defendant agreed to accept service of process pursuant to the DMCA, "waived any requirement for Plaintiff to Serve Defendant through means set forth in the Hague Convention." *Id*. at 26. The *Cawthon* court rejected these arguments, finding that "the DMCA does not waive the requirements of the Hague Convention." *Id*. This Court agrees with the comprehensive statutory analysis conducted by the *Cawthon* court and joins the courts that have held that Section 512(g)(3)(D)

---

[1] The Court does not find *Fox Shiver* to be persuasive given that it did not recognize the qualified opposition by Vietnam to postal service. *See Fox Shiver, LLC v. Individuals, Corps., Limited Liab. Cos. P'ships, and Unincorporated Ass'ns,* No. 23-cv-1898, 2023 WL 4373308, at *2 (S.D.N.Y. Apr. 25, 2023).

— the DMCA — "does not allow plaintiffs to bypass Rule 4(f)(1) and (3)." *Wrinkled Surface Enterprises LLC v. Gurianov,* 2021 WL 142280, at *3; *id.* ("If Congress had intended for parties filing DMCA counternotices to waive service under Rule 4, surely § 512(g)(3)(D) would use the verb 'waive' from Rule 4 — rather than the verb 'accept'"); *Safavieh Int'l, LLC v. Chengdu Junsen Fengrui Tech. Co., Ltd.-Tao Shen,* No. 23-cv-3960, 2023 WL 3977505, at *2 (S.D.N.Y. June 13, 2023) (defendant's consent to "accept service of process" in counter-notification was "consent to accept service effected by a particular person … not consent to accept service in a particular manner (via email)").

Plaintiff therefore has not shown that the Hague Convention permits email service on Defendant. As a result, the Court does not address Plaintiff's arguments that email service would otherwise comport with constitutional due process.[2]

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion for alternative service via email. Plaintiff may, however, effectuate service of process on Defendant through registered mail with acknowledgment of receipt.

Dated: September 23, 2024
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

---

[2] Plaintiff also argues that service of process by email should be allowed because "many" counter-notifications include "false names and addresses," therefore rendering service on foreign infringers under the Hague Convention "untenable." Br. at 12. While the Hague Convention does not apply if, after reasonable diligence, Defendant's address is inaccurate or unknown, no such evidence has been presented to the Court regarding the Defendant here. *See Orient Plus*, 2024 WL 2317715, at *3 ("[T]he Hague Convention does not apply where…the address of the person to be served with the document is not known") (citation and quotation omitted); *Prediction Co. LLC v. Rajgarhia*, No. 9-cv-7459 (SAS), 2010 WL 1050307, at *2 (S.D.N.Y. Mar. 22, 2010) (granting plaintiff's request for alternative service on foreign defendant where plaintiff had "actively, though unsuccessfully, attempted to obtain [the defendant's] address in a variety of ways" in order to serve under the Hague Convention).