UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                :
SCOTT CAWTHON,                :
                :
            Plaintiff,      :      24-CV-03506 (JAV)
                :
    -v-            :      MEMORANDUM OPINION
                :                AND ORDER
DIHN DUC MANH,                :
                :
            Defendant.    :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      Plaintiff Scott Cawthon is the creator, author, and intellectual property owner of the *Five Nights at Freddy*'s video game and book series. ECF No. 1., ¶ 10. Plaintiff alleges that Defendant Dinh Duc Manh is an Amazon seller who marketed and sold toys through an online merchant storefront, CanBeOne, that infringed upon his registered and common law copyrights. *Id.* ¶¶ 23-31. Plaintiff has filed a renewed motion for alternative service pursuant to Federal Rule of Civil Procedure 4(f)(3). As with his prior motion, this motion is DENIED.

      In July 2024, Plaintiff filed his original motion for alternative service, seeking leave to serve Defendant, a resident of Vietnam, via email. ECF No. 10. In an Opinion and Order dated September 24, 2024, Judge Jennifer L. Rochon denied Plaintiff's motion. ECF No. 13 (the "Opinion"). Because Vietnam ratified the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"), the Opinion concluded that Plaintiff's proposed alternative service could only be approved if it was not "prohibited by the Hague Convention." Opinion at 5. Judge Rochon determined that Vietnam had objected to service by postal channels under Article 10(a) of the Hague Convention, except for service by "registered mail with acknowledgment of receipt." *Id.* at 6-7.

The Opinion concluded that this objection encompassed service by email. *Id.* at 8.

The Opinion acknowledged that the "Hague Convention does not apply if, after reasonable diligence, Defendant's address is inaccurate or unknown." Opinion at 8 n.2. But Judge Rochon found that Plaintiff had not presented any evidence that Defendant's address was either inaccurate or unknown. *Id.*

Plaintiff therefore had a number of service options. "The Hague Convention provides for several alternate methods of service: (1) service through the Central Authority of member states; (2) service through consular channels; (3) service by mail if the receiving state does not object; and (4) service pursuant to the internal laws of the state." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005). Plaintiff elected to attempt service via registered mail. On or about December 6, 2024, Plaintiff sent a copy of the summons and complaint to Defendant through the United States Postal Service, with a return receipt requested. ECF No. 19, Ex.A. Plaintiff did not receive a signed acknowledgment of the registered mailing, however. ECF No. 19 at 1.

Plaintiff retained the Hylands Law Firm to assist in locating Defendant's physical address. *Id.*, Ex. C. Hylands Law Firm then retained an independent service provider ("ISP") to assist with this investigation. *Id.* at 1. According to the ISP, who conducted an on-site investigation of Defendant's address and also spoke with the local police and residents, the address provided was accurate and legitimate and Defendant was verified to be associated with the address. *Id.* at 1-2. The ISP confirmed that Defendant resided at the address, but that he also serves in the military and is "not physically present at the address for extended periods due to his military commitments." *Id.* at 2.

In conducting the on-site visit, the ISP found that there was no indication that this address functioned as a commercial location. *Id.* The ISP noted that "in Vietnam, it is a common

2

practice for individuals to use the identity of a relative or acquaintance to conduct business . . . to hide wrongdoing, avoid legal responsibility, or make it harder to identify the real person running the business." *Id.* at 3.  Accordingly, the ISP concluded that the address is real, but that Defendant "may be serving as a nominal representative or account holder for an Amazon business, rather than actively managing the business by himself." *Id.*

This case was reassigned to the undersigned on December 17, 2024.  On February 6, 2025, Plaintiff Scott Cawthon filed a renewed motion for alternative service via email.  ECF No. 19.  Plaintiff contends that the Hague Convention should not apply because the address of the Defendant is not known.  *See Smart Study Co., Ltd. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1390 (S.D.N.Y. 2022) ("The Hague Convention does not apply where the address of the person to be served with the document is not known.") (quotation marks omitted).

Defendant's address, however, is indeed known as evidenced by the fact that in May 2024, prior to the issuance of the Opinion, Plaintiff sent a copy of the complaint to Defendant at his address and received from UPS an acknowledgement of receipt signed by Manh.  ECF No. 19, Ex. B.  Moreover, Plaintiff's own ISP confirmed that Manh's physical address is accurate and legitimate, and verified that Manh resides at that address when he is not deployed for military service.  ECF No. 19, Ex. C.

In arguing that "Defendant fraudulently used a fake name and address to hide his true identity," ECF No. 19 at 2, Plaintiff appears to conflate the named Defendant in this case, Dinh Duc Manh, with a potentially unknown individual who may have been fraudulently using Manh's name to run the online merchant store CanBeOne.  But there is no evidence that Dinh Duc Manh is using a fake name or address to hide his identity.  Assuming, *arguendo*, that the true account holder of the Amazon business is not the named Defendant, Plaintiff is requesting

3

leave from the Court to serve a hypothetical, unidentified non-party via alternative service. This, however, is not a service issue. If Plaintiff is pursuing the theory that another unidentified individual, who has not yet been named as a party to this suit, is operating the Amazon business, Plaintiff must first amend the pleadings to name this other individual before the Court will consider a motion for alternative service as to such individual.

Plaintiff requests in the alternative that the Court "deem Defendant served." ECF No. 19 at 3. In her Order denying Plaintiff's request motion for alternative service, Judge Rochon held that Plaintiff may "effectuate service of process on Defendant through registered mail with acknowledgment of receipt." ECF No. 13 at 8. Although Plaintiff made a single attempt to effectuate service through registered mail, he did not receive a signed acknowledgment of service of the registered mailing. ECF No. 19 at 1, Ex. A.[1] Accordingly, Plaintiff has not effectuated service on Defendant through postal channels. Nor has Plaintiff demonstrated that he has completed service (or even attempted service) through any of the other methods of service permitted by the Hague Convention.

---

[1] Prior to Judge Rochon's Order, Plaintiff had served the Complaint on Manh via UPS, and did receive acknowledgment of receipt. ECF No. 19, Ex. B. But Plaintiff's letter-motion nowhere argues that a commercial delivery service would constitute "registered mail" within the meaning of the Hague Convention. There is ample case law that delivery by a private shipping company does not constitute service by registered or certified mail under the Federal Rules of Civil Procedure. *See, e.g.*, *McGee-Hudson v. United States*, No. CV 16-796-JWD-EWD, 2017 WL 11708325, at *6 (M.D. La. July 10, 2017) (citing cases).

Accordingly, it is HEREBY ORDERED that Plaintiff's renewed motion for alternative service via email is DENIED, as is his request to deem Defendant served. The Clerk of Court is directed to terminated ECF No. 19.

SO ORDERED.

Dated: March 5, 2025
       New York, New York

                                    JEANNETTE A. VARGAS
                                    United States District Judge